## THE OLDER.
### No. 426.

Circuit Court of Appeals, Second Circuit.
May 29, 1933.

See, also, 36 F.(2d) 281.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y., and Haight, Smith, Griffin & Deming, of New York City (Herbert K. Stockton, of New York City, of counsel), for appellant.

Douglas D. Crystal and Single & Single, all of New York City, and Harry J. Kelly, of Buffalo, N. Y. (Forrest E. Single and Edward J. Keane, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

### PER CURIAM.

This case involves damage by fire to a cargo of sugar laden on board the steamer Older on a voyage, Cardenas to Toronto. She stopped at Montreal, where some fittings were thought necessary for her passage through the canals. These in part consisted of a snatch block which was to be made fast to the bridge bulkhead curtain plate immediately aft the second hatch in the foredeck. A mechanic was drilling holes in the curtain plate with an oxyacetylene torch, and some of the sparks fell upon the hatch. It was the libelant's theory, which the judge found to be true, that the tarpaulins over the hatch were drawn back, and that some of the sparks fell between the hatch covers and ignited the cargo below. We accept this view for argument, and confine our discussion to the legal consequences. We also accept the conclusion that the occurrence was due to the neglect of the mechanic at the torch, or of his assistant, in failing to catch the sparks and prevent their flying upon the hatch. It was also contributed to by the carelessness of the mate in taking off the tarpaulins, but that we ignore.

The claimant, a Norwegian company, pleaded as a defense the fire statute (Rev. St. § 4282 [46 USCA § 182]), which was incorporated in the charter party, and by reference in the bills of lading, the whole of the ship's reaches being occupied by the cargo. The judge thought that this defense had not been proved, and for this reason passed a decree for the libelant. This is the only question seriously mooted before us, though the libelant also claimed that the ship had deviated.

 The owner, anticipating the arrival of the ship at Montreal, and, wishing to have the canal gear installed, had written to one Hancock, who did business at that place as a ship's agent, asking him to take charge of her when she arrived, and to see to her proper outfit for passage through the canals. Hancock agreed to do so, and when she came in employed a local marine engineering company to prepare her. It was an employee of this company who handled the torch, and whose putative negligence was the cause of the fire. Two questions arise: First, whether Hancock was the alter ego of the owner, for whose negligence it was liable within the meaning of the statute; second, whether Hancock was himself personally negligent in engaging the services of the marine company, or because of his presence aboard the ship on the morning when the fire broke out. We pass the question of whether Hancock represented the owner in the sense necessary to charge it under the statute, and for this reason we need set out none of the evidence bearing on that issue. Assuming that he did so represent it, the case comes down to whether the libelant has proved that the fire was caused by his "design or neglect"; the burden in such cases

being on the injured party. The Salvore, 60 F.(2d) 683 (C. C. A. 2); The Strathdon (D. C.) 89 F. 374, 378. The situation is like any other where the claimant brings himself within an exemption, in which event the libelant must prove that he has been negligent.

■ The marine company which Hancock employed was recently created; it was within the control of two men, one, O'Reilly, who had no acquaintance with marine affairs, and who apparently merely contributed the small capital which it had; the other, Webster, who was experienced in maritime matters, and was the practical manager. It was because of Webster that Hancock chose the company to do the work, and Webster took charge of it; the case may be disposed of as though he had been employed personally. The judge did not find that he was not competent, contenting himself with declaring his inclination to believe that there was no evidence of Webster's skill or reputation sufficient to relieve Hancock. That is quite another thing from finding that the libelant had proved that he was an improper man to employ. The evidence justified no such conclusion. Not only did Webster himself testify to a long experience, some of it with a company of conceded standing, and in the same kind of work, but his reputation was confirmed by three impartial witnesses, in varying degrees, and by Hancock as well. The libelant sought to make out a case against him through a single witness, who plainly knew very little about him, and whose strictures upon his competence were in substance confined to erroneous information as to the positions he had occupied. The evidence as a whole, not only failed to show that Hancock chose negligently in selecting him, but would support an opposite finding, had one been necessary. Thus, quite regardless of Hancock's representation of the claimant within Rev. St. § 4282 (46 USCA § 182), no neglect was shown.

■ The libelant also asserts that Hancock was himself personally negligent because he was present on the ship on the morning when the fire broke out, but this strains the testimony beyond the breaking point. He went aboard and saw some drilling in progress on the forecastle, which was not done by a torch at all. He did not pause, but went at once to the captain's stateroom; his purpose being to fetch him ashore. There is not the least warrant to suppose that he saw the mechanic at work on the curtain plate near the hatch. It was customary to use oxyacetylene torches for such work; the care necessary to their handling depends upon where and how they are used. Hancock's knowledge that such torches would be used did not charge him with neglect.

Again, the libelant seeks to hold the ship for the deficiency of the fire apparatus installed. We may assume for argument that a defect in this might cast the owner for so much of the damage as proper apparatus would have prevented, but the judge found that the apparatus on board was adequate, though apparently the crew did not use it to best advantage. We see no reason to upset the finding, and indeed neither in the argument nor in the brief did the appellee advise us in what respects the judge was wrong.

Decree reversed; libel dismissed.